[L. A. No. 14665. In Bank.—October 2, 1934.]

JULIUS BIERLICH, Respondent, v. WALTER L. UNGER et al., Defendants; SEABOARD SURETY CORPORATION OF AMERICA (a Corporation), Appellant.

Arthur T. Stollmack and Samuel H. Weissberg for Appellant.

William Schreier for Respondent.

LANGDON, J.—This action is brought to recover on a surety bond executed by defendant Seaboard Surety Corporation.

Plaintiff, in response to an advertisement of a deed of trust for sale, agreed to lend money to General Finance Corporation. The corporation represented that it had several vacant lots upon which it intended to build. Plaintiff insisted upon a surety bond covering performance. Thereafter plaintiff paid into escrow the amount of his loan, $3,000, and received a note and deed of trust, together with a surety bond, the principals being General Finance Cor-

poration and defendant Unger, the purported owner of the land. Unger was not in fact the owner, and the building was never constructed. Plaintiff was forced to sell the land under the deed of trust, and suffered a loss, for which he sued and recovered judgment against all defendants. The defendant Seaboard Surety Company appealed.

The only point which requires discussion is the claim of the surety company that it bound itself simply to hold plaintiff harmless and indemnify him against priority of mechanics' liens, and that it did not guarantee that a building would be constructed. The terms of the bond are entirely clear on this issue. After reciting that the principals are about to construct a building, and plaintiff is about to purchase a trust deed, the funds to be available for construction provided a bond is furnished, it provides: "Now, therefore, if said Principals shall cause said buildings to be completed according to said plans and specifications, and shall fully indemnify the Obligee hereunder, and preserve the priority of said Trust Deed from and over any and all mechanics' liens . . . then this obligation shall be null and void; otherwise to remain in full force and effect." In explicit language the bond makes one of the conditions the completion of the construction according to the plans and specifications. There was testimony to show that this was in accord with the intentions of the parties, and the trial court correctly held the surety liable under these circumstances.

The judgment is affirmed.

Seawell, J., Shenk, J., Curtis, J., Waste, C. J., and Preston, J., concurred.